IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ALPHONSO BOARDS              *
                             *
v.                           *   Civil Action No. WMN-12-2634
                             *
STATE OF MARYLAND, et. al.   *
                             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Pending before the Court is a motion to dismiss filed by the State of Maryland, Nancy K. Kopp, Anthony Fugett, and Virginia Colon (collectively the "State Defendants"), ECF No. 8.[1] Also pending is a motion to dismiss filed by Eric H. Holder, Jr., Attorney General of the United States, ECF No. 10. Plaintiff, Alphonso Boards, who is proceeding pro se, opposed the motion by the State Defendants, see ECF No. 12, but did not oppose the motion filed by Attorney General Holder.  The time for further briefing on these motions is now long gone.  As such, they are as fully briefed as they will be and are ripe for review.  Upon consideration of the pleadings, facts and applicable law, the Court determines that (1) no hearing is

---

[1] Douglas F. Gansler, Attorney General for the State of Maryland, was also named as a defendant in Plaintiff's Complaint.  He did not, however, join the motion filed by the other State Defendants.  Nonetheless, Attorney General Gansler will be dismissed from the case based on Eleventh Amendment immunity just as the other State Defendants will be.  Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 227 (4th Cir. 1997) ("[B]ecause of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte.").

necessary, Local Rule 105.6, and (2) both motions will be granted.

On September 4, 2012, Plaintiff filed his Complaint, ECF No. 1. On September 13, 2012, he filed an Amended Complaint, ECF No. 3, adding the United States Automobile Association ("USAA") as a Defendant.[2] As well as the Court can understand it, Plaintiff's allegation is that the State of Maryland incorrectly assessed him an uninsured motorist penalty of roughly $2,500 pursuant to Md. Code Ann. Transp. §§ 17-104(b) & 106(e), and improperly took steps to garnish his federal tax returns to satisfy the debt. His Amended Complaint recounts a conversation with a state employee at the Central Collections Unit, and alleges that his 1996 Pontiac Bonneville SE was, in fact, insured by USAA during the disputed period. ECF No. 3 at 2-3. The Amended Complaint contains seven counts: Count I, "Federal Mail Fraud Statute" citing 18 U.S.C. § 1341; Count II, "MVA – Administrative Incompetency and Conspiracy Statute," citing 18 U.S.C. § 1349; Count III, "Overcharging and Monetary Extortion, Usury Statute," citing 18 U.S.C. § 1033; Count IV, "Predatory Automobile Insurance Fraud and Racketeering;" Count V, "Conspiracy to Involved the Federal Government via United

---

[2] There is nothing in the record to indicate that the United States Automobile Association was ever served in this matter. As a result, the Court will order Plaintiff to show cause within 14 days as to why his claim against USAA should not be dismissed. Fed. R. Civ. P. 4(m).

States Treasury Department in Financial Criminal Activities;" Count VI, failure to provide proof of insurance to the State of Maryland against USAA, and; Count VII, "Tortious State Business Administration."  ECF No. 3 at 6-9.  As relief Plaintiff seeks $300,000 in damages as well as an order restoring his "vehicle registration privilege."  Id. at 7.

Attorney General Holder moved to dismiss Plaintiff's Amended Complaint on the ground that it does not allege any tortious behavior or wrongdoing by the United States, its agencies, or personnel.  The Court agrees with this reading of the Complaint and because it was not opposed by Plaintiff, the Court will grant Attorney General Holder's motion to dismiss.

The State Defendants moved to dismiss on the ground that the Eleventh Amendment protects them from suit in federal court. Plaintiff opposed the State Defendants' motion by arguing that the Eleventh Amendment does not prohibit suits against a state by citizens of that state.  Plaintiff's reading of the Eleventh Amendment, however, is belied by substantial precedent from the United States Supreme Court.  See e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) ("[T]his Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") and cases cited therein.  The Eleventh Amendment also prohibits suits against state officers in a

situation such as this one.  Hawaii v. Gordon, 373 U.S. 57, 58 (1963) ("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (citizens cannot sue state officials in federal court for violations of state law).  Therefore, Plaintiff's Amended Complaint as it is alleged against the State Defendants will be dismissed.

    A separate order will issue.

                                      /s/
                        William M. Nickerson
                        Senior United States District Judge

DATED: January 28, 2013